**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY a/s/o SALE CREEK FAMILY PRACTICE, PLLC, | ) | Case No. 1:26-cv-115 |
| *Plaintiff*, | ) | Judge Travis R. McDonough |
| v. | ) | Magistrate Judge Michael J. Dumitru |
| JAMES FISHER d/b/a JAMES FISHER CONSTRUCTION and WAYNE CHAPMAN d/b/a WAYNE CHAPMAN ROOFING, | ) | |
| *Defendants*. | ) | |

---

**MEMORANDUM & ORDER**

---

Before the Court are Defendants James Fisher and Wayne Chapman's motions to dismiss (Docs. 9, 14), Plaintiff's motion for reconsideration of its motion for an extension to respond to the motions to dismiss (Doc. 18), Defendants' joint motion to strike Plaintiff's surreply to the motion to dismiss (Doc. 25), and Plaintiff's motion to amend its complaint (Doc. 31). For the following reasons, Plaintiff's motion to amend its complaint (Doc. 31) is **GRANTED**, Defendants' motions to dismiss (Docs. 9, 14) are **DENIED** as moot with leave to refile, Plaintiff's motion to reconsider (Doc. 18) is **DENIED** as moot, and Defendants' joint motion to strike (Doc. 25) is **DENIED** as moot.

## I. BACKGROUND

This case arises from a roof fire. (Doc. 1, at 2.) Plaintiff alleges that Defendants were working on the roof of an office building when a fire started. (*Id.*) It asserts negligence and

negligent-retention claims against all Defendants[1], as well as a negligent-representation claim against Defendant Chapman. (*Id.* at 3–6.)

Fisher filed his motion to dismiss on June 8, 2026 (Doc. 9), and Chapman filed his motion to dismiss on June 30, 2026 (Doc. 14). On August 18, 2026, Plaintiff filed a motion to amend its complaint. (Doc. 31.) Plaintiff's proposed amended complaint alleges additional facts relevant to the roof fire but does not alter the causes of action or the parties. (*Compare* Doc. 1, *with* Doc. 31-1.)

## II. STANDARD OF LAW

Under Federal Rule of Civil Procedure 15, if a party can no longer amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." *Id.*; *see also Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) ("Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'") (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Denial of leave to amend may nevertheless be appropriate when there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Ordinarily, delay alone, does not justify denial of leave to amend." *Morse*, 290 F.3d at 800 (citing *Sec. Ins. Co. v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995));

[1] Plaintiff's Complaint states, "Counts 1–3: Claims for Negligence Against All Defendants." (Doc. 1, at 3.) It is unclear why Plaintiff has listed its negligence claims as three counts when it has listed only two Defendants. If this is a typographical error, Plaintiff shall correct the error when it files its amended complaint.

*see Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading."). "At some point, however, delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Morse*, 290 F.3d at 800 (citation modified).

## III. ANALYSIS

Defendants argue that the Court should deny Plaintiff's motion to amend because it will cause substantial prejudice, Plaintiff has not offered adequate justification for the late-filed motion, and the proposed amendments are futile. (Doc. 33, at 2–7.)

First, Defendants argue that allowing Plaintiff to amend would unfairly prejudice them because they have already filed motions to dismiss. (*Id.* at 2.) Although it would have been preferable for Plaintiff to amend its complaint after Defendants shared their motions to dismiss and before they filed them with the Court, Plaintiff nonetheless moved to amend early in the litigation process and prior to the deadline set forth in the Court's scheduling order (Doc. 30, at 2; Doc. 31).

Additionally, Defendants' reliance on *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452 (6th Cir. 2001), *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453 (6th Cir. 2013), *Gentry-Youngblood v. MGC Mortgage, Inc.*, 2016 WL 3129190 (E.D. Tenn. 2016), and *United States v. Garman*, No. 3:14-CV-172, 2016 WL 3562062 (E.D. Tenn. June 24, 2016) is unpersuasive. In *Wade*, the plaintiff's proposed amended complaint sought to add new claims after the parties had conducted more than twenty depositions and after defendants moved for summary judgment. 259 F.3d at 459. In *Glazer*, the court stated that the plaintiff "took a wait-and-see approach"—he had the evidence upon which the proposed amendments were predicated but waited until after a

magistrate judge ruled on the pending motions to dismiss to seek leave to amend his complaint. 704 F.3d at 459. In *Gentry-Youngblood*, the plaintiff attempted to amend her complaint to "add several new claims as well as several additional defendants." 2016 WL 3129190, at *2. The court denied the motion, stating that the proposed amendments to the two original defendants were futile because they were barred by res judicata and would unduly prejudice the original defendants. *Id.* at *4. In *Garman*, the court held that the plaintiff's motion to amend would encourage delay and bad faith since the plaintiff acknowledged that it wished to file an amended complaint months prior but waited until "the eve of the hearing on the motion to dismiss [] to do so." 2016 WL 3562062, at *9–10.

Here, unlike the cases relied on by Defendants, the proposed amendments do not add any additional claims or defendants, the matter is still in the early stages of litigation, there is no ruling on the pending motions to dismiss, there is no pending motion for summary judgment, and there are no res judicata issues. As a result, the Court finds that amendment would not cause substantial prejudice against Defendants.

Next, Defendants contend that Plaintiff provides no justification for the late-filed motion to amend because Plaintiff had possession of the information it added in the amended complaint for three years. (Doc. 33, at 6.) Plaintiff's motion to amend states that the limited discovery so far has helped it better articulate its claims. (Doc. 31, at 1.) Furthermore, Plaintiff's amended complaint was filed before the motion to amend deadline. (*See* Doc. 30, at 2; Doc. 31.) Given how "the case law in this Circuit manifest 'liberality in allowing amendments to a complaint,'" Defendants' argument is unavailing. *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

Lastly, Defendants argue that the amendment would prove futile because it "fails to cure the deficiencies identified in Defendants' Motions to Dismiss[.]" (Doc. 33, at 5–6.) Defendants' motions to dismiss argue that Plaintiff's complaint fails to allege how Defendants caused the fire. (Doc. 9, at 6 ("The Complaint does not state or otherwise identify the cause of the fire."); Doc. 15, at 5 ("State Farm's Complaint does not describe the cause of the fire or how Defendants, including Wayne Chapman, were supposedly negligent in causing the fire.").) Plaintiff's proposed amended complaint alleges that, on the day of the fire, Defendants were working on the roof with a leaking tank of "Millennium Sprayable Single-Ply Bonding Adhesive," which is an "Extremely Flammable Aerosol." (Doc. 31-1, at 3–6.) Plaintiff further alleges that the "roofers employed spark generating equipment on the awning before the Fire." (*Id.* at 6.) Plaintiff's amended complaint plausibly alleges that Defendants caused the fire—the deficiency addressed in Defendants' motions to dismiss. Therefore, Plaintiff's amended complaint is not futile. Accordingly, Plaintiff's motion to amend is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to amend (Doc. 31) is **GRANTED**. Accordingly, Defendants' motions to dismiss (Docs. 9, 14) are **DENIED** as moot with leave to refile. Furthermore, Plaintiff's motion to reconsider its motion for an extension to respond to the motions to dismiss (Doc. 18) is **DENIED** as moot, and Defendants' joint motion to strike Plaintiff's surreply (Doc. 25) is **DENIED** as moot.

**SO ORDERED.**

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**